IN THE UNITED STATES DISTRICT COURT **FILED**

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAY 2 4 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TROY A. ASHMUS,

Petitioner,

v.

ARTHUR CALDERON, Warden of
California State Prison at San Quentin,

Respondent.

NO. C 93-0594 TEH

ORDER RESOLVING
PROCEDURAL DEFENSES

**Introduction**

This matter before the Court on Respondent's combined Answer and Motion for Summary Judgment in which he contends, in part, that a number of Petitioner's claims are procedurally barred for a variety of reasons. Specifically, he asserts: (1) Claims 1 through 10 are time barred pursuant to the one-year statute of limitations in 28 U.S.C. § 2244(d); (2) All or part of Claims 2, 4, 6, 11, 12, 14, 16, 17, 20, 31, and 32 are procedurally defaulted because they could have been raised on direct appeal but were not;[1] (3) All of Petitioner's claims other than Claims 7 and 33 are procedurally defaulted due to untimely collateral presentation in state court;[2] and (4) Claims 15, 17, 19, 20, 22-24, and 32 are procedurally defaulted due to trial counsel's failure to make a specific and timely objection at trial on the

---

[1] This state procedural rule, that claims which could have been raised on direct appeal but were not, is defaulted, is referred to herein as the Dixon rule, deriving its name from the case of In re Dixon, 41 Cal.2d 756, 759 (1953).

[2] This state procedural rule, requiring timely presentation of collateral claims, is referred to herein as either the Clark rule or the "timeliness rule." Although the rule of timely presentation of collateral claims predates In re Clark, 5 Cal.4th 750, 782 (1993), the state supreme court, in rejecting Petitioner's collateral claims, cited Clark for the rule of timely collateral presentation. See Resp't's Ex. M.

United States District Court

For the Northern District of California

1 same grounds asserted on appeal. Answer at 3-4; Motion at 33-49.   For the reasons that

2 follow, the Court finds none of Petitioner's claims procedurally barred.

### Discussion

4 Respondent's procedural defenses consist of a federal statute of limitations and three

5 state procedural rules.   The applicability of the former hinges on whether Chapter 153 of

6 Title 28 of the United States Code, as amended by the 1996 Antiterrorism and Effective

7 Death Penalty Act (AEDPA), applies to these proceedings.   The ability of the latter three

8 rules to preclude federal review depends upon whether the state court's decision rejecting

9 Petitioner's claims clearly rested on the state procedural rule, and the rule is an adequate and

10 independent state ground.   Ninth Circuit precedent, as Respondent apparently concedes, see

11 Reply at 2-3, compels the conclusion the procedural defenses of time-bar pursuant to 28

12 U.S.C. § 2244(d)(1), the Dixon rule, and the Clark rule, are inapplicable to Petitioner's case.

13 Moreover, a consideration of the legal principles of the adequate and independent state

14 grounds doctrine and an examination of relevant California Supreme Court cases,

15 demonstrates the contemporaneous objection rule is also defective.   Each procedural defense

16 is discussed in turn.

17 **I. Federal Procedural Rule**

18 **A. One-year Statute of Limitations in 28 U.S.C. § 2244(d)**

19 Respondent contends that Claims 1 through 10 in the "finalized" federal habeas

20 petition, which were not a part of the April 17, 1997 federal petition, are time-barred

21 pursuant to 28 U.S.C. § 2244(d)(1).   Respondent's contention hinges on the applicability of

22 Chapter 153 to these proceedings.

23 On April 24, 1996, the AEDPA was signed into law.   The AEDPA amended Chapter

24 153 of Title 28 of the United States Code.[3]   Among the amendments enacted, was a one-year

27 [3] The AEDPA also created Chapter 154. See 28 U.S.C. §§ 2261-66.   In an order issued on December 24, 1998, the Court found Chapter 154 inapplicable to these

28 proceedings.   That order is currently before the Ninth Court on appeal.

United States District Court
For the Northern District of California

1  statute of limitations for filing a federal habeas petition by a person in custody pursuant to a

2  state court judgment. 28 U.S.C. § 2244(d)(1).

3  In Jeffries v. Wood, 114 F.3d 1484, 1494 (9th Cir. 1997) (en banc), the Ninth Circuit

4  held that the AEDPA was not applicable to any case pending on April 24, 1996, the

5  AEDPA's effective date.  The Supreme Court reached the same conclusion in Lindh v.

6  Murphy, 521 U.S. 320 (1997).  Subsequent to Jeffries, the Ninth Circuit, in Calderon v.

7  United States District Court (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), held that a

8  case is pending within the meaning of Lindh only when a petition for a writ of habeas corpus

9  has been filed.  In Calderon v. United States District Court (Kelly)163 F.3d 530 (1998)(en

10  banc), cert. denied, -- U.S. -- , 119 S.Ct. 1377 (1999), however, the Ninth Circuit overruled

11  its previous holding in Beeler that a case is pending only when a federal petition has actually

12  been filed.  Instead, the court held that "[a] petition for the appointment of counsel to prepare

13  and file a habeas petition, coupled with a motion for a stay of execution," also constitutes a

14  "pending case" within the meaning of Lindh. Kelly, 163 F.3d at 540.

15  Petitioner filed his request for the appointment of counsel and a stay of execution on

16  February 17, 1993.  Therefore, under Kelly, his case was pending on April 24, 1996, and the

17  AEDPA, including the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), does not

18  apply to these proceedings.  Accordingly, Claims 1 through 10 are not time barred.

19  **II. State Procedural Rules**

20  Respondent's remaining procedural defenses, the Dixon rule, the Clark rule, and the

21  contemporaneous objection rule, are all state procedural rules.  Their ability to preclude

22  federal habeas review of Petitioner's claims is defined by the legal principles set forth below.

23  **A. Legal Standard**

24  Federal courts "will not review a question of federal law decided by a state court if

25  the decision of that court rests upon a state law ground that is independent of the federal

26  question and adequate to support its judgment." Coleman v. Thompson, 501 U.S. 722, 729

27  (1990); Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994) ("the procedural default doctrine

28  is a specific application of the general adequate and independent state grounds doctrine").

United States District Court

For the Northern District of California

1  The adequate and independent state ground doctrine  "applies whether the state law ground is

2  substantive or procedural" and "applies to bar federal habeas when a state court declined to

3  address a prisoner's federal claims because the prisoner had failed to meet a state procedural

4  requirement." Coleman, 501 U.S. at 729-30.  There are three criteria that must be met for a

5  state procedural ground to bar federal habeas review: (1) the state decision must *rest* on the

6  state procedural ground, (2) the state procedural ground must be *adequate* to support the

7  judgment, and (3) the application of the state procedural rule must be *independent* of the

8  merits of the federal claim.  A failure to meet any of these criteria will render the state

9  procedural bar defective.

10      The state court decision must "explicitly invoke[] a state procedural bar rule as a

11  separate basis for its decision." McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995);

12  Siripongs v. Calderon, 35 F.3d 1308, 1317 (9th Cir. 1994) (stating federal review will not be

13  precluded "unless the state court makes clear that it is resting its decision denying relief on

14  an independent and adequate state ground").  When a state court decision is ambiguous as to

15  the ground for its decision, the Supreme Court has applied the presumption set out in

16  Michigan v. Long, 463 U.S. 1032, 1042 (1983): if it fairly appears the state court rested its

17  decision primarily upon federal law or was interwoven with federal law, the court will

18  presume the decision rested on federal grounds unless the state court's opinion contains a

19  plain statement that its decision rests upon adequate and independent state grounds. See

20  Harris v. Reed, 489 U.S. 255, 261 (1989) (holding Long presumption applies on federal

21  habeas review).  But "[a] predicate to the application of the *Harris* presumption is that the

22  decision of the last state court to which the petitioner presented his federal claims must fairly

23  appear to rest primarily upon federal law or to be interwoven with federal law." Coleman,

24  501 U.S. at 735 (finding Harris presumption inapplicable where only issue raised in

25  respondent's motion to dismiss was failure by petitioner to comply with state procedural rule

26  and state court's decision stated that the motion to dismiss was granted).  Additionally, the

27  fact a state court decision discusses and reaches the merits of a federal claim in an alternative

28

4

United States District Court

For the Northern District of California

1   holding will not undo its separate reliance on a state procedural ground. Harris, 489 U.S. at

2   264, n.10; see also, Moran v. McDaniel, 80 F.3d 1261, 1269 (9th Cir. 1996).

3        To be adequate, "a state rule must be clear, consistently applied, and well-established

4   the time of petitioner's purported default." Wells, 28 F.3d at 1010; see Ford v. Georgia,

5   498 U.S. 411, 424-25 (1991) (refusing to bar federal review where state procedural rule had

6   not been announced at time of purported default since rule not "firmly established and

7   regularly followed"); Johnson v. Mississippi, 486 U.S. 578, 587 (1988)(refusing to bar

8   federal review where state procedural bar not "consistently or regularly applied").  The mere

9   fact that application of a state procedural rule requires the exercise of judicial discretion does

10  not alone render the rule inadequate.  Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir.

11  1996).  But the exercise of that discretion must be "according to standards that, at least over

12  time, can become known and understood within reasonable operating limits" or are "clear

13  and articulated standards." Morales, 85 F.3d at 1392-93; see Karis v. Vasquez, 828 F.Supp.

14  1449, 1463 (E.D. Cal. 1993) (stating discretion must be exercised on principled, not ad hoc,

15  basis).  Similarly, the failure to apply a procedural rule in a few cases does not mean the rule

16  is not regularly and consistently applied. Dugger v. Adams, 489 U.S. 401, 410-11 (1989).

17  Rather the test is whether the procedural rule is applied even-handedly to similar claims in

18  the vast majority of cases. Hathorn v Lovorn, 457 U.S. 255, 262-63 (1982); Dugger 489 U.S.

19  at  410 n. 6.

20       A state procedural rule is not independent if the rule's applicability is interwoven with

21  or relies upon an antecedent determination of federal law. Harmon v. Ryan, 959 F.2d 1457,

22  1461 (9th Cir. 1992); see also Ake v. Oklahoma, 470 U.S. 68, 75 (1985) (holding state

23  procedural rule not independent because exception to rule if federal constitutional error

24  involved; thus explicitly or implicitly, before state court applies procedural it necessarily

25  determines no federal constitutional error occurred).

26       **B. Dixon Rule: Inadequate and Not Independent**

27       Petitioner's direct appeal began on March 4, 1987.  The California Supreme Court

28  confirmed his conviction and sentence on December 5, 1991.  Thus, March 4, 1987, to

December 5, 1991, constitutes the relevant time period for determining whether any defaults

occurred on direct appeal. Respondent contends all or part of Claims 2, 4, 6, 11, 12, 14, 16,

17, 20, 31, and 32 are procedurally defaulted under <u>Dixon</u>.

### 1. <u>Dixon</u> Rule Inadequate

The issue of the adequacy of the <u>Dixon</u> rule is controlled by the Ninth Circuit's

decision in <u>Fields v. Calderon</u>, 125 F.3d 757 (9th Cir. 1997), <u>cert</u>. <u>denied</u>, 118 S.Ct. 1826

(1998). <u>Fields</u> held that as of 1981, until at least 1993, the <u>Dixon</u> rule's application was

neither clear nor consistent, and thus it was inadequate to bar federal review. 125 F.3d at

762-64. In the instant case, Petitioner's alleged <u>Dixon</u> default occurred between 1987 and

1991, within the time period for which <u>Fields</u> found the <u>Dixon</u> rule to be inadequate.

Accordingly, the <u>Dixon</u> rule is inadequate to bar federal review of Petitioner's claims.

### 2. <u>Dixon</u> Rule Not Independent

The Court's determination of the independence of <u>Dixon</u> rule is controlled by the

Ninth Circuit's decision in <u>Park v. California</u>, 164 F.3d 1226 (9th Cir. 1999). In <u>Park</u>, the

Ninth Circuit held that at least until August 3, 1998, the <u>Dixon</u> rule was not an independent

state ground because it had a fundamental error exception that required the state court to

make an antecedent determination that no federal constitutional error occurred before the

rule was applied. <u>Park</u>, 164 F.3d at 1230-32 (relying on <u>Ake</u>, 470 U.S. at 75). Respondent

does not contend that Petitioner's case is distinguishable from <u>Park</u> or suggest the

"fundamental error exception" to the <u>Dixon</u> rule did not exist between 1987 and 1991.

Accordingly, <u>Park</u> applies to Petitioner's case, and the <u>Dixon</u>  cannot bar federal review of

his claims.

### C. <u>Clark</u> Rule: Inadequate and Not Independent

On June 6, 1989, the California Supreme Court promulgated its Policies Regarding

Cases Arising From Judgments of Death (hereafter "Policies"). The Policies set forth

standards for determining whether a state habeas petition is timely filed. <u>See</u> Policies, Stds.

1-1.1 to 1-1.3. Generally speaking, "[a]ll petitions  for writs of habeas corpus should be filed

*without substantial delay*." Std. 1-1 (emphasis added). If a petition is filed within 90 days of

United States District Court
For the Northern District of California

the final due date for the filing of appellant's reply on direct appeal, it is presumed to be filed without substantial delay. Std. 1-1.1. Even a petition is filed beyond the 90-day presumptive period of timeliness, the absence of substantial delay can be established in one of two ways. One way is to "allege[] with specificity facts showing the petition was filed *within a reasonable time* after petitioner or counsel (a) knew, or should have known, of facts supporting a claim, and (b) became aware, or should have become aware, of the legal basis for the claim." Std. 1-1.2 (emphasis added). The other way is to "allege[] with specificity facts showing that although petitioner or counsel was aware of the factual of the factual and legal bases for the claim before January 16, 1986, . . . the petition was filed *within a reasonable time* after that date." Std.1-1.3[4] (emphasis added). Still, even if the petition was filed after substantial delay, the delay could be excused if the petitioner demonstrated good cause for the delay by "showing particular circumstances sufficient to justify the substantial delay." Std. 1-2.

In the instant case Petitioner's reply brief on direct appeal was due April 25, 1990. Opposition at 6. In order for the state petition to be presumptively timely it needed to be filed no later than July 25, 1990. Instead, Petitioner filed his first state habeas petition on April 16, 1998. On May 13, 1998, the California Supreme Court denied his state habeas petition on various grounds. It stated in relevant part:

> Separately and independently, all the claims, with the exception of Claims 7 and 33, are each denied on the procedural ground (see *Harris v. Reed* (1989) 489 U.S. 255, 264, fn.10) that it is untimely (see *In re Clark* (1993) 5 Cal.4th 750, 782): it is not alleged, with specificity, to have been presented within a reasonable time after its legal and factual bases were, or should have been, discovered (*id.* at pp.784-85), and is raised herein without justification or excuse and outside any exception, including that for a fundamental miscarriage of justice (see generally *id.* at pp. 763-798).

Resp't's Ex. M.

### 1. Rejection Rests on State Procedural Rule

---

[4] Standard 1-1.3 was repealed effective January 22, 1998.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    Petitioner contends that for a variety of reasons the California Supreme Court's order

2   denying his state habeas petition did not "clearly and expressly" rely on a state procedural

3   ground. Opposition at 16-17. Only one, however, is arguably meritorious.[5]

4    Petitioner contends "the court's undifferentiated invocation of the untimeliness bar

5   clearly encompassed claims that logically could not be objectionable on timeliness grounds."

6   Opposition at 17. Specifically, Petitioner points out, the court rejected Claims 11 (in part),

7   13, 15, 16 (in part), 17 (in part), 19, 20 (in part) 21-30, and 31 (in part) on the ground these

8   claims had previously been raised and rejected on direct appeal. Petitioner's point is well

9   taken. It is one thing for a court to say, as <u>Harris</u> permits, that relief is denied because of a

10  petitioner's failure to comply with a procedural rule requiring timely collateral presentation,

11  but that even if petitioner had complied, relief would still be denied because his claim is

---

12    [5] Petitioner asserts two non-meritorious objections. First, he claims that since the state

13  court addressed the merits of his claims and also invoked other procedural rules to bar some
    of the same claims barred by the <u>Clark</u> rule, "the state court here did not identify any

14  particular claim as being independently denied on the ground of untimeliness." Opposition
    at 17. If by this statement Petitioner means that the California Supreme Court did not rely

15  solely on a <u>Clark</u> default, as opposed to a <u>Dixon</u> and a <u>Clark</u> default, to bar a particular
    claim, then Petitioner is correct. However, neither United States Supreme Court or Ninth

16  Circuit law has such a requirement. Indeed, in <u>Harris</u>, the Supreme Court made clear that
    simply because the state court addresses the merits of a claim in an alternative holding, its

17  separate reliance on a state procedural rule to deny relief will not be vitiated. <u>Harris</u>, 489
    U.S. at 264, n.10. Nothing in this reasoning suggests a different conclusion if the court

18  separately relied on two different procedural rules to bar the same claim, rather than on one
    procedural bar and the claim's lack of merit.

19    Petitioner next argues, relying upon <u>Siripongs</u>, that the state procedural bar was not
    sufficiently invoked. But a comparison of the order in <u>Siripongs</u> and in the instant case

20  demonstrates the inapplicability of <u>Siripongs</u>. In <u>Siripongs</u>, the order denying the state
    habeas petition stated: "Petition for writ of habeas corpus DENIED both for reasons of

21  procedural default and on the merits." <u>Siripongs</u>, 35 F.3d at 1316. Although the Ninth
    Circuit did not decide whether the state court's order was sufficiently clear to invoke the

22  procedural bar, it did seem to find problematic the order's failure to identify any procedural
    rule that completely barred any of the claims. <u>Id.</u> at 1317-18. By contrast, in the instant case,

23  the order stated:

24    The petition for writ of habeas corpus is denied on the substantive ground that it is
    without merit.

25    Separately and independently, all the claims, with the exception of Claims 7 and 33, are
    each denied on the procedural ground (see <u>Harris v. Reed</u> (1989) 489 U.S. 255, 264 n.10) that

26  it is untimely (see <u>In re Clark</u> (1993) 5 Cal.4th 750, 782).

27  Resp't's Ex. M.

28

8

without merit. There is nothing inconsistent with these two distinct bases for denying relief. It is quite another thing to say, however, that relief is denied because petitioner failed to timely present his collateral claims but that relief is also denied because petitioner already presented the same claims on direct appeal. These positions are irreconcilable. Thus, with regard to the claims rejected as having been previously raised on and rejected on direct appeal, as well as defaulted under <u>Clark</u>, the state's court's order is sufficiently ambiguous as to which ground the claims or portions of claims were rejected such that these claims do not clearly rest on a <u>Clark</u> default.

Petitioner tries to take this ambiguity a step further, arguing that the ambiguity with regard to some of the claims allegedly defaulted under <u>Clark</u> renders the order ambiguous as to all the claims allegedly defaulted under <u>Clark</u>. Opposition at 17. Petitioner, however, cites no authority for this proposition nor is his reasoning particularly persuasive. At any rate, the Court need not decide whether ambiguity as to part of the order renders the whole order ambiguous because, as explained below, the <u>Clark</u> rule is neither an adequate nor independent state ground.

## 2. <u>Clark</u> Rule: Lack of Clearly Announced Standards

Key phrases in California's timeliness rule, such as "without substantial delay," "within a reasonable time," and "good cause" to justify the delay, clearly allow for, indeed require, the exercise of judicial discretion in its application. The mere fact a state procedural rule allows for the exercise of judicial discretion will not alone "render the rule inadequate to support a state decision." <u>Morales</u>, 85 F.3d at 1392. But the exercise of that discretion must be "according to standards that . . . over time can become known and understood within reasonable operating limits." <u>Id</u>. By the California Supreme Court's own admission, as of July 29, 1993, the date <u>Clark</u> was decided, how the court exercised its discretion in applying the timeliness rule was neither clear nor had become known within reasonable operating limits. In prefacing its discussion of its timeliness rules for state petitions, the court stated, "because no clear guidelines have emerged in our past cases, we consider when departure from those rules is warranted." <u>Clark</u>, 5 Cal.4th at 763. Accordingly, the Ninth Circuit and

United States District Court

For the Northern District of California

1  district courts have found the state's assertion of the timeliness rule inadequate to prevent

2  federal review of claims where the claims were denied as untimely prior to <u>Clark</u>, <u>see</u>

3  <u>Morales</u>, 85 F.3d at 1391-92, <u>Siripongs</u>, 35 F.3d at 1318, and <u>Karis</u>, 828 F.Supp. at 1464, or

4  were denied as untimely based on delay that occurred prior to <u>Clark</u>.  <u>Calderon v. United</u>

5  <u>States District Court (Bean)</u>, 96 F.3d 1126, 1130 (9th Cir. 1996 ); <u>Calderon v. United States</u>

6  <u>District Court (Hayes)</u>, 103 F.3d 72, 75 (9th Cir. 1996).

7  Respondent contends the instant case is not controlled by either <u>Morales</u> or

8  <u>Bean/Hayes</u>.  Motion at 47-48.  First, he points out, that unlike <u>Morales</u>, Petitioner's state

9  habeas petition was not even filed, let alone denied, until after <u>Clark</u> was decided. Second,

10  he argues that neither <u>Hayes</u> or <u>Bean</u>, both of which held the timeliness rule was inadequate

11  to preclude federal review since the delay on which alleged default was based occurred prior

12  to <u>Clark</u>, are controlling in the instant case because, "neither decision considered the extent

13  to which *Clark* placed death row inmates on notice that, irrespective of past procedural

14  transgressions, any future effort to present state habeas corpus claims would need to be

15  undertaken without any additional unnecessary delay" and that, "petitioner surely never

16  secured permanent immunization from *Clark's* 1993 teachings." Motion at 48-49.

17  Although Respondent is correct that <u>Morales</u> is distinguishable from the instant case,

18  his attempt to distinguish <u>Hayes</u> and <u>Bean</u> is less convincing. Respondent never once

19  indicates when, or at least by what point in time, Petitioner had defaulted his collateral

20  claims by failing to present them in a timely manner.  More important though, nothing in the

21  California Supreme Court's order indicates when the alleged default occurred.  Petitioner's

22  reply on direct appeal was due April 25, 1990.  Thus, after July 25, 1990, petitioner's state

23  habeas petition was presumptively untimely.  This Court has simply no way of knowing

24  whether the California Supreme Court's order finding all but two of Petitioner's claims

25  defaulted due to untimeliness was based on the three year delay between July 25, 1990, and

26  July 29, 1993, when <u>Clark</u> was decided.  If the default was based on this time period, the

27  instant case would be within the ambit of <u>Hayes</u> and <u>Bean</u>.

28

United States District Court
For the Northern District of California

1        But even if, as Respondent seems to suggest when he states petitioner has not secured

2  permanent immunization from Clark's 1993 teachings, the Court uses Clark as the starting

3  point for measuring the timeliness of Petitioner's presentation of his collateral claims,

4  Respondent still fails to establish the adequacy of the Clark default rule. Respondent

5  summarily asserts:

6       There is no showing that *Clark* failed to state a clear timeliness rule or that the
    California Supreme Court has not been consistently applying those standards since 1993

7    when *Clark* was decided. Indeed, since *Clark*, we think there is no question that the
    California Supreme Court has been regularly and consistently applying its timeliness and

8    successive petition bars.

9  Motion at 48.   Respondent, however, offers no support for these assertions. Petitioner, on

10  the other hand, argues at length as to why neither Clark nor anything the California Supreme

11  Court has done post-Clark, until at least August 3, 1998, has clarified its timeliness rule and

12  how it is applied. Petitioner's argument, coupled with Respondent's complete lack thereof,

13  persuasively demonstrates that California's timeliness rule was not adequate at the time

14  Petitioner's state habeas petition was denied.[6]

15        First, as Petitioner points out, the reasoning in Morales as to why the standards in the

16  Policy lacked clarity, leads to the conclusion that Clark did nothing to cure this deficiency.

17  In Morales, the Ninth Circuit noted that phrases central to the applicability of the timeliness

18  standards, such as "without substantial delay" and "good cause for the delay" were

19  inherently uncertain. In other words, the Policies did not "establish[ ] what amount of delay

20  the court would consider 'substantial,' nor did it set our criteria for establishing 'good cause'

21  to excuse such delay." Morales, 85 F.3d at 1390-91. In Clark, the court's explanation as to

22  whether the delay in presenting known claims because of the need to continue to develop

23

24  ———————————

25    [6] The general approach in the Ninth Circuit has been to presume a state procedural
    rule is adequate and independent, absent a showing by a petitioner that it is not. See e.g.,
    Forrest v. Vasquez, 75 F.3d 562, 564 (9th Cir. 1996) (honoring state procedural bar where

26    "there is nothing to indicate that [it] is not firmly established and consistently applied");
    Wood v. Hall, 130 F.3d 373, 377-78 (9th Cir. 1997)(finding petitioner presented insufficient

27    evidence Oregon's application of procedural rule was unprincipled, arbitrary, or
    standardless). Neither of these cases, however, involved a procedural rule previously held to

28    be inadequate.

1  other possible claims demonstrates the continuing confusion and ambiguity as to how the

2  timeliness rule works.

3        In Clark, the court stated that as a general matter, "when the factual basis for a claim

4  is already known, the claim must be presented promptly, unless facts known to counsel

5  suggest the existence of other potentially meritorious claims which cannot be stated without

6  additional investigation." Clark, 5 Cal.4th at 784. But since "the court will assume . . . that a

7  petition for writ of habeas corpus includes all claims then known to petitioner, " Id. at 781,

8  and "piecemeal presentation of known claims . . . [has] not been condoned in this state," Id.

9  at 777, "a petitioner who is aware of facts adequate to state a prima facie case for habeas

10  corpus relief should include the claim based on those facts in the petition even if the claim is

11  not fully 'developed.'" Id. at 781.   The court continued:

12        If the petition is delayed because the petitioner is not able to state a prima facie case
       for relief on all of the bases believed to exist, the delay in seeking habeas corpus relief may
13     be justified when the petition is ultimately filed if the petitioner can demonstrate that (1) he
       had good reason to believe other meritorious claims existed, and (2) the existence of facts
14     supporting those claims could not with due diligence have been confirmed at an earlier time.

15  Id.   The court, however, added in a footnote:

16        The delay will not be deemed justified, however, unless the petitioner demonstrates
       that there was good reason to believe that further investigation would lead to the facts
17     supportive of a clearly meritorious claim.  Nor will the delay be deemed justified if,
       notwithstanding the existence of substantial, potentially meritorious claims, the petitioner
18     delays filing the petition in order to investigate potential claims of questionable merit.

19  Id. at n. 17.  In short, these passages hardly put Petitioner on notice as to what will

20  constitute a "good reason" to delay presenting known claims in order to investigate other

21  potential claims, nor does it give any guidance as to what at will be considered a "clearly

22  meritorious claim" rather than one of "questionable merit."

23        Clark itself does little to clarify the phrases Morales found to be ambiguous.  In Clark,

24  the court, in applying the timeliness rule, summarily states, "the petition was not filed within

25  a reasonable time after In re Stankewitz [40 Cal.3d 391, 397 (1985)]," "petitioner does not

26  allege with specificity when he became aware of the factual and legal bases of the claims,"

27  and thus "[we conclude petitioner has failed to establish the absence of substantial delay." Id.

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   at 785-86.[7]  Moreover, California's practice of summarily denying state habeas petitions

2   prevents the exercise of its discretion from becoming knowable within reasonable operating

3   limits.  Indeed, the instant case is indicative.  The state court's order does not explain why

4   Claims 7 and 33, both involving challenges to the state death penalty statute,[8] were not

5   defaulted as untimely but every other claim was.  Nothing about the nature of Claims 7 or 33

6   explain this apparent anomaly either.

7         Finally, two cases decided on August 3, 1998, In re Robbins, 18 Cal.4th 770 (1998)

8   and In re Gallego, 18 Cal.4th 825 (1998), provide further evidence that from the time Clark

9   was announced, until at least August 3, 1998, how the California Supreme Court applied its

10   timeliness rule remained a mystery.  Robbins and Gallego both involved state habeas

11   petitions filed by federal habeas counsel after the 90-day presumptive period of timeliness.

12   The California Supreme Court, prefacing its discussion of whether the petitions were timely

13   filed, stated:

14         We issued an order to show cause in this matter, and in the companion case of In re
      Gallego . . . not to consider the merits of the claims raised in the respective habeas corpus
15     petitions, but instead to address a number of general procedural issues relating to petitions
      for writs of habeas corpus in capital cases, and, in particular, to address the question of the
16     timeliness of claims advanced in such petitions. . . . In both this case and in Gallego, the
      habeas corpus petitions were filed after the 90-day "presumptively timely" date . . . We
17     issued an order to show cause in these two cases to analyze the timeliness issue and *to
      explain, in the context of specific claims, how the timeliness rules are applied by our court.*

18   Robbins, 18 Cal.4th at 779 (emphasis added).  As Petitioner points out, the fact that the

19   California Supreme Court found it necessary to explain how it applies its timeliness rules for

20   state habeas petitions demonstrates that such rules were neither "clear" nor "well

21

22

23         [7] Some guidance is arguably provided by Clark as to what will constitute "good
      cause" to justify substantial delay.  It cited two cases where a delays of five years in one, and
24     three years in the other, were excused because a petitioner's grade school education impeded
      presentation of their claims, and contrasted that to a case where an eleven year delay
25     presenting a claim of failing to introduce diminished capacity evidence was held to not be
      justified. Clark, 5 Cal.4th at 786.  On the whole, however, the court's summary application
26     of its timeliness rule to Clark, did not clearly articulate the standards by which it applies its
      timeliness rules.

27         [8] Claim 7 challenges the state death penalty statute for failing to narrow the class of
      those eligible for the death penalty.  Claim 33 asserts Petitioner's Eighth and Fourteenth
28     Amendment rights were violated by flaws in the state's capital sentencing scheme.

established" prior to August 3, 1998.  Opposition at 10.  The Ninth Circuit has made similar inferences in other cases involving California Supreme Court opinions attempting to clarify the application of state procedural rules. See Park, 164 F.3d at 1231-32 (finding Robbins explanation of prospective application of fundamental error exception to timeliness rule demonstrates not applied in the same manner previously); Fields, 125 F.3d at 762-63 (finding Dixon rule inadequate based on state supreme court's attempt to clarify applicability of the rule).

Here,  Petitioner's state habeas petition was denied as untimely on May 13, 1998. Since the application of California's timeliness rule was neither clear nor well established until at the very earliest August 3, 1998, the Clark rule is inadequate to preclude federal review of Petitioner's claims.

### 3. Clark Rule Not Independent

Petitioner correctly contends the timeliness rule is not applied independent of the merits of the federal claim.

In Clark, the court identified four situations in which its timeliness rule would not apply, including where an "error of constitutional magnitude led to a trial that was so fundamentally unfair that absent that error no reasonable judge or jury would have convicted the petitioner." 5 Cal.4th at 759. In Robbins, the state court admitted that an "error of constitutional magnitude . . . obviously may include federal constitutional claims." 18 Cal.4th at 811.  The United States Supreme Court has held, "if the state has made application of the procedural bar depend upon an antecedent ruling on federal law, that is, on the determination of whether the federal constitutional error has been committed . . . our jurisdiction is not precluded." Ake, 470 U.S. at 75 (finding procedural rule not independent where before rule will be applied court determines no federal constitutional error occurred).

In Park, the Ninth Circuit held that the Dixon rule was not independent based on these very same passages from Clark and Robbins.  See Park, 164 F.3d at 1231-32.  In fact, the court was able to rely on passages from Clark and Robbins, which concern California's timeliness rule for state habeas petitions, only by first observing that the exceptions to the

United States District Court

For the Northern District of California

1   <u>Clark</u> rule are the same as the exceptions for the <u>Dixon</u> rule.  Although <u>Park</u> concerned the

2   independence of the <u>Dixon</u> rule and thus does not, strictly speaking, control the issue of

3   whether the <u>Clark</u> rule is independent, <u>Park</u>'s reliance on passages from cases addressing the

4   <u>Clark</u> rule compel the conclusion that <u>Clark</u> rule is also not independent.

5   **D. Contemporaneous Objection Rule**

6   Respondent contends the California Supreme Court found eight of Petitioner's claims,

7   numbers 15, 17, 19, 20, 22, 23, 24, and 32, procedurally defaulted by Petitioner's failure to

8   object at trial on the same ground asserted on direct appeal.  Reply at 3.  Thus Respondent

9   argues, federal review of these claims is precluded.  Petitioner's trial occurred in 1986, and

10  any contemporaneous objection rule upon which a purported default rested must have been

11  adequate and independent as of 1986.

12  **1. State Court decision Must "Rest" on Procedural Ground**

13  With regard to Claims 17, 20, 22, 22-24, and 32, the California Supreme Court clearly

14  and expressly rested its decision on a state procedural ground.  For each of these claims, the

15  state court clearly stated its rejection of Petitioner's claim rested on Petitioner's failure to

16  comply with the procedural rule requiring a specific and timely objection.  <u>See</u> for Claim 17,

17  <u>Ashmus</u>, 54 Cal.3d at 976 ("We reject defendant's claim on procedural grounds"); for Claim

18  20, <u>Id.</u> at 989 ("We reject this claim at the threshold.  The rule of timely and specific

19  assignment of misconduct and request for admonition was not satisfied. . . [m]oreover the

20  exception to the rule is inapplicable"); for Claim 22, <u>Id.</u> at 984, n.14( "This point is not

21  preserved for review. The rule of timely and specific objection was not met and no exception

22  appears"); for Claim 23, <u>Id.</u> at 985, n.15 ( "This point is not preserved for review. The rule of

23  timely and specific objection was not met, and no exception appears"); for Claim 24, <u>Id.</u> at

24  987, n.16 ("The point is not preserved. . . . he made no objection whatever on federal

25  constitutional grounds.  Neither does he show that any exception to the requirement is

26  available"); and for Claim 32, <u>Id.</u> at 985, n.15 ("The point is not preserved: the rule of timely

27  and specific objection was not met, and no exception appears").

28

15

1    The state court's rejection of two claims, however, did not clearly and expressly rest

2  on the state procedural rule requiring a timely and specific objection. In Claims 15

3  (involving admission of photographs of the victim) and 19 (concerning the admission of

4  electrophetic analyses of dried semen stains), the California Supreme Court noted the general

5  procedural rule and Petitioner's failure to comply, but stopped short of clearly and expressly

6  resting its rejection of these claims on procedural grounds. For Claim 15 the court stated:

7         We reject the point. At trial, defendant failed to make any objection whatever based
      on any federal constitutional provision. Be that as it may, as explained above, all the
8      photographs and slides were relevant and none was unduly prejudicial. In our view, the
      admission of these items, whether considered separately or together, did not substantially
9      implicate any of the cited federal constitutional provisions.

10  <u>Ashmus</u>, 54 Cal.3d at 974, n.11. For Claim 19, the court stated:

11        We reject the point. "It is, of course, 'the general rule that questions relating to the
      admissibility of evidence will not be reviewed on appeal in the absence of a specific and
12     timely objection in the trial court on the ground sought to be urged on appeal.'" . . .
      Defendant failed to make any objection whatever based on any federal constitutional
13     provision. In any event, the admission of evidence did not substantially implicate any of the
      cited federal constitutional protections, and surely did not implicate the privilege against self-
14     incrimination at all.

15  <u>Id.</u> at 972, n.10 (citations omitted). In neither instance does the state court clearly and

16  expressly rest its rejection of Petitioner's claims on his failure to comply with a state

17  procedural rule. To be sure, in both instances the court noted Petitioner's failure to comply

18  with the general rule requiring a contemporaneous objection, but it did not go so far to hold

19  that Petitioner's claim was rejected on that ground. By comparison, in Claims 17, 20, 22-24,

20  and 32, the Court was clear that its rejection of Petitioner's claim was based on his failure to

21  comply with the procedural rule. In addition, in each of the claims other than Claims 15 and

22  19, the state court did not merely mention the general rule but also noted that any exception

23  to the general rule was inapplicable. That is not to say that the state court needs to state that

24  no exception applies for a general procedural rule to preclude federal review; rather it is

25  merely further evidence of the ambiguity in Claims 15 and 19 as to whether the state court's

26  decision with regard to these claims rested on a state procedural ground. Since it cannot be

27  said that the California Supreme Court's rejection of Claims 15 and 19 clearly and expressly

28  rested on a state procedural ground, federal review of these claims is not precluded.

**2. Inadequacy of Contemporaneous Objection Rule**

Petitioner raises two main contentions regarding the adequacy of California's contemporaneous objection rule: (1) he claims that in 1986 there was no rule requiring a contemporaneous objection on federal constitutional grounds in order to preserve the claim for review; and (2) that even if there was such a rule, it was not firmly established and regularly applied because the parameters of the capital case exception recognized in People v. Bob, 29 Cal.2d 321, 327 (1946), and in existence at the time of petitioner's trial, see People v. Frank, 38 Cal.3d 711, 729 (1985); People v. Easley, 34 Cal.3d 858, 863-64 (1983), were not then clear.  Opposition at 22.  Each contention is discussed in turn.

Petitioner's first contention is without merit.  California has long required (and required in 1986) a defendant to make a timely and specific objection at trial in order to preserve the claim for appellate review.  See 3 Witkin, Cal. Evidence (3d ed. 1986) § 2020, p. 1980 ("[a] defective specific objection is a waiver in criminal as well as civil cases"); People v. Green, 27 Cal.3d 1, 27 (1980) (assignment of error based on alleged prosecutorial misconduct during closing argument waived by failure to timely object); People v. Hillery, 10 Cal.3d 897, 899-900 (1974) (holding capital defendant may not raise claim of denial of fair trial due to biased jury from pre-trial publicity when he made no objection at trial or failed to move for change of venue);People v. Welch, 8 Cal.3d 106, 114-15 (1972) ("[i]t is the general rule that questions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection at the trial on the ground sought to be urged on appeal"); People v Hickman, 113 Cal. 80, 87-88 (1896) ("if defendant wished to avail himself of the objection now made, he should have directed the attention of the judge by specifically calling his attention to the vice in the form of the question now complained of.  He cannot be heard to urge or point out here for the first time an objection of any more specific character than that made in the court below").

As Respondent points out, the Ninth Circuit has also recognized in a number of cases that "California courts adhere to the contemporaneous objection rule barring appellate review of alleged errors that are not raised at trial by timely objection." Garrison v. McCarthy, 653

United States District Court
For the Northern District of California

F.2d 374, 377 (9th Cir. 1981); see Vansickel v. White, 166 F.3d 953, 957 (9th Cir. 1999)

(holding due process violated by erroneous denial of half of peremptory challenges but claim

defaulted by failure to comply with California's contemporaneous objection rule); Bonin v.

Calderon, 59 F.3d 815, 842-43 (9th Cir. 1995); Leiterman v. Rushen, 704 F.2d 442, 444 (9th

Cir. 1983). Reply at 8.[9]

Petitioner next argues, however, that at the time of his trial in 1986, there was a

capital case exception to the contemporaneous objection rule and the parameters of the

exception were not then clear.  Petitioner is correct.

The "capital case" exception was first discussed in People v. Bob, supra.  In Bob, the

state introduced a statement by Bob's co-defendant, that Bob had struck the lethal blow

against the victim.  On appeal, it was undisputed that the statement was hearsay and

erroneously admitted.  The issue turned to whether Bob had preserved the issue by objecting

on hearsay grounds at trial.  At trial, Bob's counsel initially objected to the introduction of

"any statement by [the co-defendant]." Bob, 29 Cal.2d at 324.  Later, Bob's counsel argued

to the trial court:

> I renew my objection to this statement inasmuch as he can be produced, and should
> be produced, to make his own statement before the jury rather than relying upon his
> statement that was made some time ago . . . the best evidence is from the lips of the witness,
> let the jury see him and determine from his attitude . . . whether or not he is speaking the
> truth.  This is certainly secondary evidence.

Id. On appeal, the state supreme court first noted that "although the word 'hearsay' was not

used . . . the whole tenor [of the objections] was plainly directed to that ground" and that "it

_____

[9] Contrary to Respondent's assertion, however, these cases do not foreclose Petitioner's argument that California's contemporaneous objection rule is neither adequate nor independent. While Garrison, Leiterman, and Bonin, demonstrate the Ninth Circuit's recognition that California had a contemporaneous objection rule in place as of 1986, in each of these cases the court essentially assumes that the rule is adequate and independent.  In none of the cases does it appear that the petitioner challenged the adequacy or independence of the rule on the grounds asserted by Petitioner in the instant case, or on any other ground. And since "unstated assumptions on non-litigated issues are not precedential holdings binding future decisions," Sakamoto v. Duty Free Shoppers, Ltd., 764 F.2d 1285, 1288 (9th Cir. 1985), these decisions do not establish that California's contemporaneous objection rule was adequate and independent at the time of Petitioner's trial in 1986.

United States District Court
For the Northern District of California

1  is clear from the attitude and expressed view of the court that it would have overruled even a

2  specific objection." Id. at 325.   It then held :

3       While the objection could have been more specific, we think it was sufficient to call
    to the attention of the trial court the inadmissible character of the portion of Johnson's
4  statement which was denied by defendant.

5  Id. at 327.  The state court acknowledged its decision was based on its statutory duty, under

6  California Penal Code section 1239, to independently examine the record to ensure no

7  miscarriage of justice resulted, and on the fact that many capital cases are handled by

8  attorneys not experienced in criminal law.   Id. at 328.  Accordingly, the court stated, "it

9  would seem appropriate for this court to take a liberal view of the technical rules applicable

10  to criminal cases generally." Id.

11       In People v. Frank, supra, the California Supreme Court reaffirmed the "technical

12  insufficiency" exception to the contemporaneous objection rule in capital cases.  Frank

13  challenged the admission of certain evidence on the ground that the search violated his

14  Fourth Amendment rights because the warrant was "overbroad."  The state court held:

15       We recognize that [Frank's] objection to this evidence on the ground of the
    overbreadth of the warrant could have been more specific.  But while in a noncapital case a
16  claim of erroneous admission of evidence will not be reviewed in the absence of a timely and
    proper objection . . . we have long followed a different rule in capital cases.  On an appeal
17  from a judgment imposing the penalty of death, a technical insufficiency in the form of an
    objection will be disregarded and the entire record will be examined to determine if a
18  miscarriage of justice resulted.

19  Frank, 38 Cal.3d at 729, n.3 (emphasis added).

20       Petitioner claims a comparison of Bob, Frank, People v. Easley, supra and People v.

21  Varnum, 70 Cal.2d 480 (1969), demonstrates the parameters of the Bob exception to the

22  contemporaneous objection rule were not clear in 1986.  The Bob  exception, as discussed

23  in Bob and Frank, applies in capital cases to "a technical insufficiency in the form of the

24  objection." Frank, 38 Cal.3d at 729 n.3.  In Bob, the state court excused the defendant's

25  failure to use the specific word "hearsay," while in Frank, it excused, apparently, the failure

26  to specifically identify in what way the search warrant was unconstitutionally overbroad.

27  Although neither of these attempt to define what constitutes a "technical insufficiency in the

28  form of an objection," they do suggest that the exception applies in capital cases where the

19

United States District Court

For the Northern District of California

1  defendant objects at trial but the basis for his objection omits a precise legal phrase or where

2  the defendant asserts a general objection but fails to identify specifically how it applies.

3       Varnum is not inconsistent with the Bob exception as articulated by the state court in

4  Bob and Frank.  In Varnum, the defendant made *no objection* whatsoever. 70 Cal.2d at 486.

5  The complete failure to make an objection, it would seem, cannot be said to be a "technical

6  insufficiency in the form of an objection." But that is exactly how the state supreme court, by

7  its own admission, applied the Bob exception in Easley.

8       In Easley, the defendant raised on appeal four challenges to a search warrant which he

9  conceded "were not raised in the trial court." Easley, 34 Cal.3d at 869. Easley, however,

10  urged the California Supreme Court to reach the merits of his claim because his trial counsel

11  was constitutionally ineffective.  The court rejected Easley's contention that  his trial counsel

12  was constitutionally ineffective.  Id.  Nonetheless, without any apparent explanation, the

13  court stated, "[o]ur review is limited to consideration of the facts established by the appellate

14  record" and proceeded to consider the merits of claims not objected to at trial.  Id. at 869-72.

15  The Easley court did not explain why it excused Petitioner's failure to object at trial and

16  considered the merits of his claims nonetheless.

17       A procedural rule is not rendered inadequate by a failure to apply it in every single

18  case; rather it need only be regularly and consistently applied in the vast majority of cases.

19  Dugger, 489 U.S. at 410, n.6; Hathorn, 457 U.S. at 262-63.  If Easley was simply a single

20  instance of the state supreme court not applying the contemporaneous objection rule when it

21  could have, the rule would not be rendered inadequate.  But the state supreme court's

22  subsequent explanation of what it did in Easley, demonstrates the parameters of the Bob

23  exception, and thus necessarily the applicability of the contemporaneous objection rule in

24  capital cases, were not clear.

25       The state supreme court's subsequent explanation of its decision in Easley, makes

26  clear that the applicability of the contemporaneous objection rule in capital cases was

27  uncertain. In Frank, in the midst of applying the Bob exception, the court explained:

28

1    The *Bob* rule is even more relevant today, in light of the recognition by the United
States Supreme Court that death is profoundly different from all other penalties" . . . and its
2    repeated holdings that a capital defendant is therefore entitled to enhanced procedural
protections against arbitrary infliction of the supreme penalty. Indeed, *this court recently*
3    *cited Bob in support of its promise that in capital cases it will review trial errors even when*
*defense counsel has failed to complain of them on appeal. (People v. Easley (1983) 34*
4    *Cal.3d 858, 864).*

5    <u>Frank</u>, 38 Cal.3d at 729, n.3 (emphasis added).[10]   The state supreme court's express

6    statement that the <u>Bob</u> exception was the basis for its consideration of  the merits of claims

7    not objected to at trial in <u>Easley</u> certainly expands the meaning of what constitutes a

8    "technical insufficiency in the form of an objection."  If,  as the state supreme court indicated

9    in <u>Frank</u>, a  "technical insufficiency in the form of an objection" includes the complete

10   failure to object, then it is highly questionable whether the contemporaneous objection rule

11   applies in capital cases at all.   Moreover, it is unclear why the <u>Bob</u> exception, at the very

12   least, did not apply to Petitioner's claims in the instant case where he objected on state

13   grounds but omitted the federal constitutional grounds. <u>See</u> <u>e.g.</u>, Claim 19, 54 Cal.3d at 972,

14   n.10, Claim 15, <u>Id.</u> at 974, n.11, Claim 22, <u>Id.</u> at 984, n.14, Claim 23, <u>Id.</u> at 985, and Claim

15   24, <u>Id.</u> at 987, n.16.   If the complete failure to object is a "technical insufficiency in form of

16   an objection," it would seem that the failure to make an objection on federal constitutional

17   grounds, though objecting on state grounds, would amount to a "technical insufficiency" as

18   well.   In short, the state court's explanation in <u>Frank</u>, as to the basis for its treatment of

19   claims not objected to at trial in <u>Easley</u>, demonstrates that how the contemporaneous

20   objection rule and its capital case exception were applied was not "known and understood

21   within reasonable operating limits" at the time of Petitioner's trial.  <u>Morales</u>, 85 F.3d at

22

23

24

25

---

26   [10] In <u>Easley</u>, the court "cited" <u>Bob</u> at the outset of its opinion, <u>see</u> Easley, 34 Cal.3d at
863-64, a full five pages before it addressed Petitioner's failure to object to the search
27   warrant at trial. <u>Id.</u> at 869-72.  Not until <u>Frank</u> was it clear that this earlier citation to <u>Bob</u>
was the basis for the court's consideration of the merits of claims Easley failed to raise at
28   trial.

United States District Court
For the Northern District of California

1    1392-93.  Therefore, the contemporaneous objection rule is inadequate to bar federal review

2    of Petitioner's claims.[11]

3                                        **Conclusion**

4         In sum, Chapter 153 of Title 28 of the United States Code is not applicable to these

5    proceedings, and thus none of Petitioner's claims are barred by the statute of limitations in

6    section 2244(d) of the Title 28 of the United States Code.  California's <u>Dixon</u> rule and <u>Clark</u>

7    rule were neither an adequate nor independent state ground at the time of the purported

8    default as is required in order to preclude federal habeas review of Petitioner's claims.  Of

9    the eight claims allegedly defaulted by Petitioner's failure to comply with California's

10   contemporaneous objection rule, the state's court decision with respect to Claim 15 and

11   Claim 19, did not clearly and expressly rest on the state procedural rule.  Even if it had,

12   California's contemporaneous objection rule was inadequate, because the applicability of the

13

14       [11] Petitioner raises a couple of challenges directed at the independence of the
contemporaneous objection rule, but neither has merit.  First, he contends the California
15   Supreme Court has an affirmative duty in capital cases, under section 1239(b) of the
California Penal Code, to examine the complete record of proceedings to determine whether
16   the defendant received a fair trial, and that this examination necessarily entails consideration
of the merits of his constitutional claims.  Opposition at 24-25.  In support of this contention,
17   Petitioner relies upon <u>Beam v. Paskett</u>, 3 F.3d 1301, 1304-06 (9th Cir. 1993).  <u>Beam's</u>
holding upon which Petitioner relies, however, is limited to states where a state statute
18   requires the court to independently review the trial record for specific types of errors.
<u>Poland v. Stewart</u>, 117 F.3d 1094, 1105-06 (9th Cir. 1997)(holding <u>Beam</u> inapplicable
19   because state statute only required the state court to review the record but did not require
review for specific types of errors).  California Penal Code section 1239(b) does not require
20   the state supreme court to independently review the record for specific types of errors.
         Petitioner next claims that the contemporaneous objection rule, with regard to his
21   prosecutorial misconduct claims, Claims 17 and 20, is not independent of review of the
merits because the California Supreme Court is required, by <u>People v. Green</u>, 27 Cal.3d 1
22   (1980), to examine the nature and effects of the alleged misconduct to determine whether a
"miscarriage of justice" within the meaning of the Constitution resulted.  Opposition at 24.
23   But as Respondent correctly points out, Petitioner's argument relies on a misstatement of
California law.  Reply at 9-10.  The state supreme court only undertakes a "miscarriage of
24   justice" analysis for claims of prosecutorial misconduct when a defendant makes a timely
objection or when a timely objection and admonition would have been futile, and then the
25   analysis is whether a miscarriage of justice under California's constitution resulted.  <u>Green</u>,
27 Cal.3d at 33-34.   In the instant case, with regard to both claims, the state supreme court
26   found that a timely objection and admonition would have cured the alleged harm.  <u>Ashmus</u>,
54 Cal.3d at 976 (Claim 17), and at 989 (Claim 20).  Therefore, even assuming the state
27   court's miscarriage of justice analysis under the California Constitution would render the
rule inadequate, the state supreme court had no occasion to conduct a such analysis in the
28   instant case.

United States District Court
For the Northern District of California

rule in capital cases, in light of the fluctuating parameters of the <u>Bob</u> exception, was not clearly announced and firmly established.  Accordingly, this Court HEREBY ORDERS:

(1) None of Petitioner's claims are procedurally barred by any of the procedural defenses asserted by Respondent.

(2) The parties shall resume briefing in accordance with this Court's order on January 4, 1999.

**IT IS SO ORDERED.**

DATED _5/24/99_

THELTON E. HENDERSON
UNITED STATES DISTRICT COURT

United States District Court
For the Northern District of California

ba

United States District Court
for the
Northern District of California
May 24, 1999


* * CERTIFICATE OF SERVICE * *


Case Number:3:93-cv-00594


Ashmus

vs

Vasquez

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on  May 24, 1999, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.


Ronald S. Matthias, Esq.
CA State Attorney General's Office
455 Golden Gate Ave
11th Flr
San Francisco, CA  94102

Jean R. Sternberg, Esq.
Sternberg Sowards & Laurence
604 Mission St 9th Flr
San Francisco, CA  94105

Michael Laurence, Esq.
Sternberg Sowards & Laurence
604 Mission St 9th Flr
San Francisco, CA  94105


Richard W. Wieking, Clerk

BY: _____
Deputy Clerk