FILED
2005 APR 27 AM 11:45
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Troy Adam ASHMUS,<br><br>    Petitioner,<br><br>v.<br><br>Jill L. BROWN, Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number C 93 594 TEH<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING MOTION TO COMPEL & PROTECTIVE ORDERS & SCHEDULING ORDER<br><br>[Docket No. 332] |

## I. Order Granting Petitioner's Motion to Compel

Petitioner moves for an order to compel the California Department of Corrections to comply with the subpoena he served the CDC on June 16, 2004, by which he requests discovery materials related to Petitioner's Claim 7. The CDC objects to the subpoena and opposes the Motion.

The Court materially resolved the CDC's objections in prior orders when it granted Petitioner leave to conduct the discovery at issue (which is significantly less than the discovery that Petitioner sought leave to conduct): the subpoena is neither overbroad nor unduly burdensome, particularly in light of the issues at stake; a protective order resolves any concerns about privacy, confidentiality, improper disclosure or danger; and the documents Petitioner seeks are relevant to Claim 7 and are likely to lead to the discovery of admissible evidence regarding

Case No. C 93 594 TEH
ORDER GRANTING MOTION TO COMPEL & PROTECTIVE ORDERS & SCHEDULING ORDER
(DPSAGOK)

that claim. The CDC presents only one new basis for the Court to reconsider its prior conclusions: the CDC provides specific estimates of the cost and the burden on the CDC's staff of complying with the subpoena to support its contention that the subpoena is unduly burdensome. However, assuming arguendo that the CDC's estimates are accurate, the Court believes that they in fact support the conclusion that the subpoena is not unduly burdensome. Moreover, a protective order eliminates the need for (and the expense of) redaction (which would be inappropriate in light of Petitioner's need for the information that would be redacted), thereby removing much more than a moiety of the burden the CDC fears.

The CDC must comply with the subpoena. Accordingly, and good cause therefor appearing, Petitioner's Motion to Compel is granted.

*It is so ordered.*

## II. Protective Order Regarding Production of Probation Reports

Good cause therefor appearing, the Court enters this Protective Order.

Unless otherwise ordered by the Court, the materials produced in the present action by the CDC are and shall remain confidential: they shall be revealed only to counsel for the parties, persons acting on counsel's behalf and persons working under their supervision in connection with the present action and they shall be used only for the litigation of the present action.

In order to ensure that the identities of persons named in the CDC materials remain confidential, Petitioner's counsel shall develop a method for identifying such persons by a numeric code; this code shall be used instead of names to refer to such persons in any papers filed in the public record, in hearings and in depositions, unless otherwise ordered by the Court. Petitioner's counsel shall prepare a key that will enable the Court and Respondent's counsel to determine the names of persons to whom either party or the Court refers by code. Petitioner shall file the key under seal and shall serve it to Respondent. The key shall be confidential: it shall be revealed only to counsel for the parties, persons acting on counsel's behalf and persons working under their supervision in connection with the present action.

Nothing in this Order prohibits the CDC or anyone acting on its behalf from notifying any

2

person named in the CDC materials that the CDC has been ordered by the Court to produce the materials naming that person.

*It is so ordered.*

### III. Protective Order Regarding Privileged Protected Materials

Good cause therefor appearing, the Court enters this Protective Order.

All documents and information protected by the attorney-client privilege or the attorney-work-product doctrine (including but not limited to privileged documents in trial counsels' and the district attorney's files as well as parts of depositions revealing privileged communications) are "Privileged Protected Materials" pursuant to this Protective Order.

Privileged Protected Materials shall be revealed and used only by the parties' attorneys, experts and consultants (and persons working under their direct supervision) and only for litigating the present action. Disclosure of the contents of Privileged Protected Materials shall not be made to any other persons or agencies, including any other law-enforcement or prosecutorial personnel or agencies, without prior authorization from this Court. The disclosure of Privileged Protected Materials in the course of the present action does not constitute a waiver of the attorney-client privilege or the protection of the attorney-work-product doctrine.

In the event that a party wishes to submit to the Court any Privileged Protected Materials (or briefs or other materials disclosing the contents of Privileged Protected Materials), the party shall do so under seal. However, copies of briefs or other materials disclosing the contents of Privileged Protected Materials shall be filed in the public record with the disclosure of the contents of the Privileged Protected Materials deleted and such deletion noted as made pursuant to this Protective Order.

This Protective Order shall continue in effect after the conclusion of the present action and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. The parties may request modification or vacation of this Protective Order upon entry of final judgment in the present action.

*It is so ordered.*

3

## IV. Scheduling Order

Good cause therefor appearing, the Court enters this Scheduling Order.

Petitioner's Motion to Compel Production of Documents has been granted. Accordingly, within thirty days of the date that this Order is filed, the CDC shall produce to Petitioner, as indicated in the subpoena, "[a]ll probation reports of all persons convicted of first-degree murder for 1983, 1984, 1985, 1986, and 1987 received by the California Department of Corrections."

Within thirty days after the date that this Order is filed, the parties shall make available to each other for inspection and copying so much of Petitioner's trial counsels' files and the District Attorney's files that they choose; the parties shall submit to the Court (to the attention of Death Penalty Staff Attorney G.O. Kolombatovich) for ex parte examination any material contained in such files that they decline to make available to each other for inspection and copying; and the parties shall file and serve notices of submission for ex parte examination in which they itemize and describe generally each item of material in such files that they decline to make available to each other for inspection and copying and identify the basis on which they believe such materials are not properly subject to disclosure.

*It is so ordered.*

DATED: 4/26/05

THELTON E. HENDERSON
United States Senior District Judge

Copies of Order mailed on _____ to:

Michael Laurence, Esq.
Jeannie S. Sternberg, Esq.
Lorena M. Chandler, Esq.
Susan Garvey, Esq.
Habeas Corpus Resource Center
50 Fremont Street, Suite 1800
San Francisco, CA 94105

Bill Lockyer, Esq.
Robert R. Anderson, Esq.
Gerald A. Engler, Esq.
Dane R. Gillette, Esq.
Ronald S. Matthias, Esq.
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Federal Court Docketing
California Appellate Project
101 Second Street, Suite 600
San Francisco, CA 94105

Timothy P. Murphy, Esq.
Dolores M. Donohoe, Esq.
Edrington, Schirmer & Murphy
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936

Case No. C 93 594 TEH
ORDER GRANTING MOTION TO COMPEL & PROTECTIVE ORDERS & SCHEDULING ORDER
(DPSAGOK)

rbe

United States District Court
for the
Northern District of California
April 27, 2005

* * CERTIFICATE OF SERVICE * *

Case Number:3:93-cv-00594

Ashmus

vs

Brown

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald S. Matthias, Esq.
CA State Attorney General's Office
415-703-5858
455 Golden Gate Ave
Suite 11000
San Francisco, CA  94102-7004

Jean R. Sternberg, Esq.
Habeas Corpus Resource Center
50 Fremont Street
Suite 1800
San Francisco, CA  94105

Michael Laurence, Esq.
Habeas Corpus Resource Center
50 Fremont Street
Suite 1800
San Francisco, CA  94105

California Appellate Project
California Appellate Project
Federal Court Docketing
101 Second Street
Suite 600
San Francisco, CA  94105

Habeas Corpus Resource Center
Habeas Corpus Resource Center
50 Fremont Street, Suite 1800
San Francisco, CA  94105

Timothy P. Murphy
Dolores M. Donohoe
Edrington, Schirmer & Murphy
2300 Contra Costa Blvd.
Suite 450
Pleasant Hill, CA 94523-3936


Richard W. Wieking, Clerk

BY: _____
    Deputy Clerk