1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Troy Adam ASHMUS,<br><br>                 Petitioner,<br><br>        v.<br><br>Robert L. AYERS Jr., Warden of San Quentin State Prison,<br><br>                 Respondent. | Case Number 3-93-cv-594-TEH<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION IN LIGHT OF *SCHRIRO V. LANDRIGAN* |

As ordered by the Court, the parties have filed a joint case-management statement. According to the statement, Respondent "believes that the Court would benefit from further briefing on whether to convene an evidentiary hearing on" Claims 4, 5(c), 5(d), 5(f), and 7 in light of the United States Supreme Court's recent opinion in *Schriro v. Landrigan*, 127 S. Ct. 1933 (May 14, 2007).[1]  The Court construes this to be a motion for leave to file another motion for reconsideration of the Court's orders regarding the holding of an evidentiary hearing on these claims.

---

[1]The Court previously deferred ruling on whether to grant an evidentiary hearing regarding Claim 2.  Having completed discovery regarding this claim, the parties now agree that an evidentiary hearing is not necessary on this claim, and Petitioner has withdrawn his request for an evidentiary hearing on this claim.  Accordingly, the Court will resolve Claim 2 without an evidentiary hearing.

1    In its Order Regarding Respondent's Motion to Reconsider Prior Orders in Light of

2  *Woodford v. Garceau*, filed on May 25, 2004, this Court rejected Respondent's contention that

3  an evidentiary hearing is not necessary on these claims because relief is unavailable as a matter

4  of law due to the "highly deferential standard for evaluating state-court rulings," *Woodford v.*

5  *Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks and citation omitted),

6  that was established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

7  Pub. L. No. 104-132, 110 Stat. 1214 (1996), and is codified at 28 U.S.C. § 2254(d) (2007).  The

8  Court stated that "the limitation in § 2254(d) is a limitation on the Court's ability ultimately to

9  grant relief, not a limitation on the Court's ability to hold an evidentiary hearing to permit the

10  factual development of Petitioner's claims."  The Court noted that it "previously ha[d]

11  determined that Petitioner has alleged colorable constitutional claims that require an evidentiary

12  hearing.  Until those claims are developed, the Court will be unable to determine whether

13  Petitioner is entitled to relief."  The Court therefore concluded that "Respondent's invocation of

14  § 2254(d) at this juncture is premature."

15    As Respondent notes, the Supreme Court held in *Landrigan* that "[b]ecause the

16  deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court

17  must take into account those standards in deciding whether an evidentiary hearing is

18  appropriate." 127 S. Ct. at 1940.   Accordingly, "[i]t follows that if the record refutes the

19  applicant's factual allegations or otherwise precludes habeas relief, a district court is not required

20  to hold an evidentiary hearing." *Id.*  This suggests that if a district court grants an evidentiary

21  hearing without taking § 2254(d) into account, its decision might run afoul of current AEDPA

22  jurisprudence.

23    However, *Landrigan* also recognized that "[i]n cases where an applicant for federal

24  habeas relief is not barred from obtaining an evidentiary hearing by 28 U. S. C. §2254(e)(2), the

25  decision to grant such a hearing rests in the discretion of the district court." *Id.* at 1937.[2]  This is

26  ────────────────────

27    [2]Respondent suggests in the statement that the Court is prohibited by § 2254(e)(2) from holding
    an evidentiary hearing on Claim 4 because Petitioner was not diligent in developing this claim in that he
28  neglected to challenge the racial and ethnic composition of his jury venire at trial.  This argument does

2

1  so because AEDPA "has not changed" the "basic rule" from before the enactment of AEDPA

2  that "the decision to grant an evidentiary hearing was generally left to the sound discretion of

3  district courts." *Id.* at 1939.

4         In the present action, the Court has recognized that Petitioner has alleged colorable

5  constitutional claims necessitating an evidentiary hearing and that it is appropriate for the Court

6  to exercise its discretion to hold an evidentiary hearing on such claims. Indeed, until the relevant

7  claims are developed at an evidentiary hearing, the Court is unable to determine whether

8  Petitioner is entitled to relief on them, for the record neither establishes that Petitioner is entitled

9  to relief on these claims nor precludes relief on them. *Cf. id.* at 1940 ("*if* the record . . .

10  *precludes* habeas relief, a district court is not *required* to"—but still may—"hold an evidentiary

11  hearing" (emphasis added)). This conclusion is unaffected by *Landrigan*: the Court took into

12  account the standards of § 2254(d) in granting an evidentiary hearing and merely concluded that

13  Respondent's invocation of § 2254(d) to disallow an evidentiary hearing was premature in light

14  of the current state of the record in the present action because the record does not necessarily

15  preclude habeas relief. Moreover, the Court now reaffirms its belief that it is appropriate in the

16  exercise of its discretion to hold an evidentiary hearing on Claims 4, 5(c), 5(d), 5(f), and 7.

17         The Court is eager—indeed, anxious—to reach a final resolution of the present action as

18  expeditiously as possible. Yet another round of briefing regarding AEDPA's application to this

19  action is unnecessary and would only cause further delay. The State's interest in the prompt

20  execution of its criminal judgments and Petitioner's interest in resolving his claims would best

21  be served by the State completing its discovery obligations rather than conducting another round

22  of briefing. As soon as possible after the State completes its discovery obligations, the Court

23  will schedule a comprehensive evidentiary hearing on Claims 4, 5(c), 5(d), 5(f), and 7.

24  _____

25  not appear to be based on the discovery of a material difference in fact or law from that which previously
   was presented to the Court, the emergence of new evidence or developments in the law, or a manifest

26  failure of the Court to consider facts or arguments that previously were presented to it. Rather, it appears
   that Respondent simply failed to raise this argument when briefing his motion for reconsideration in light

27  of *Garceau*; indeed, in resolving that motion, the Court considered a number of other arguments raised by
   Respondent regarding whether § 2254(e)(2) bars an evidentiary hearing on Claim 4. Accordingly, it

28  appears to be too late for the Court to consider this argument. *See* Civ. L.R. 7-9(b).

3

1    Accordingly, and good cause therefor appearing, the Court construes the proposal for

2  further briefing contained in the joint case-management statement to be a motion for leave to file

3  a motion for reconsideration of the Court's prior orders regarding an evidentiary hearing in light

4  of *Schriro v. Landrigan* and hereby denies such motion.  The parties shall meet and confer and,

5  not later than thirty days after the filing of the present order, shall file a joint report on the status

6  of discovery in this action.

7                                                                                              *It is so ordered.*

8

9

10  DATED:   06/01  , 2007               _____

11                                                         THELTON E. HENDERSON
                                                            United States Senior District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4