UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TROY ADAM ASHMUS, | Case No. 93-cv-0594-TEH |
|---|---|
| Petitioner, | DEATH PENALTY CASE |
| v. | **ORDER DENYING PETITIONER'S MOTION TO LIFT STAY** |
| RON DAVIS, Warden, San Quentin State Prison, | Re: Doc. Nos. 529, 530, 531 |
| Respondent. | |

Petitioner seeks to have the stay in this proceeding lifted and have the merits of the claims raised in his petition for writ of habeas corpus determined prior to the Court's retirement in August. For the foregoing reasons, Petitioner's motion is DENIED.

**BACKGROUND**

Petitioner Troy Ashmus, a condemned inmate at California's San Quentin State Prison, filed a petition for a writ of habeas corpus. The Court held an evidentiary hearing on some of petitioner's claims, at which petitioner adduced evidence not previously presented to the California Supreme Court. Following the hearing but prior to post-hearing briefing, the United States Supreme Court issued *Cullen v. Pinholster*, 563 U.S. 170 (2011), which limits the ability of district courts to review evidence not previously evaluated by the state court. As a result, this Court *sua sponte* entered a stay of proceedings to allow Petitioner to return to state court to file an exhaustion petition that would present the new evidence presented in the evidentiary hearing to the California Supreme Court for consideration in the first instance.

That court has not yet rendered a decision on the exhaustion petition; however, petitioner now asks this Court to lift the stay and decide the case on the merits because the Court's impending retirement constitutes "highly unusual circumstances" that "require that the policy

favoring exhaustion give way to expeditious review" of Petitioner's claims. Mot. to Lift Stay at 5. Petitioner also argues that the extensive delay in the state court's deliberation of his exhaustion petition merits excusing any exhaustion that may be required.

Respondent also asks for the stay to be lifted because, he argues, the claims already have been exhausted and the current proceeding in state court is unnecessary. Petitioner responds that the new evidence presented during the evidentiary hearing fundamentally altered the claims, rendering them unexhausted.

## LEGAL STANDARD

Prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). State remedies must be exhausted except in unusual circumstances, *Granberry*, 481 U.S. at 134.

If a petitioner presents the Court with new evidence that places a claim "in a significantly different and stronger evidentiary posture than it had in state court," it renders the claim fundamentally altered and the petitioner must present the new claim for exhaustion to the state court. *Aiken v. Spalding*, 841 F.2d 881, 883, 884 n. 3 (9th Cir. 1988).

Unusual circumstances such as extraordinary delay may excuse exhaustion by rendering the process ineffective, *see*, *e.g.*, *Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1991) (extraordinary delay in state courts can render state corrective processes ineffective within meaning of § 2254(b) and excuse exhaustion); *Phillips v. Vasquez*, 56 F.3d 1030, 1037-38 (9th Cir. 1995) (prisoner's interest in reasonably prompt review of conviction outweighed jurisprudential concerns of exhaustion and abstention for prisoner whose conviction of murder had been final for ten years but whose sentence of death was still under appellate review in state court). However, "there is no talismanic number of years or months, after which due process is automatically violated." *Coe*, 922 F.2d at 531.

//

**DISCUSSION**

Petitioner's motion and the briefing in response to it present two fundamental questions: must he exhaust claims Four, Five, and Seven and, if so, may exhaustion be excused because of the California Supreme Court's delay in adjudicating his exhaustion petition.

In the post-evidentiary hearing briefing, Respondent asserted that *Pinholster* barred Petitioner from using the new evidence to support his claims. *See*, *e.g.*, Answering Brief Re: Claims Four and Five at 2, fn. 1 (Dkt. 502). Petitioner replied that he should be allowed to return to state court to exhaust. Reply Brief Re: Claims Four and Five at 13-14 (Dkt. 513). The cases he cited called for a return to state court because the new evidence placed the claims in question in a stronger evidentiary posture, which required exhaustion. *See Aiken*, 841 F.2d at 883, 884 n. 3. In his reply to Respondent's opposition to the instant motion, Petitioner more clearly reiterates his position that the new evidence fundamentally alters claims Four, Five, and Seven. Reply at 4.

The Court's order staying this proceeding pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), implicitly agreed with Respondent that, post-*Pinholster*, Petitioner could not proceed on federal habeas with the new evidence and implicitly agreed with Petitioner that said evidence rendered the claims fundamentally altered and, therefore, required presentation to the California Supreme Court for exhaustion.

Relying on *Coe* and *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986), Petitioner asks this Court to excuse his exhaustion requirement because the state's extensive delay in adjudicating his exhaustion petition renders that process ineffective to protect his rights. *Coe* and *Okot* specifically apply to delays in the appeal process and discuss the prejudice that stems from not having a final conviction. While he cites cases from other circuits that extend this rationale to a state court's delay in adjudicating a petition for writ of habeas corpus, Petitioner cites no such cases from the Ninth Circuit. Even if he had, he has failed to show that he meets the factors for excusing exhaustion.

When a petitioner alleges excessive delay in the state review process, "there is no talismanic number of years or months, after which due process is automatically violated." *Coe* at 531. Instead, to determine when delay becomes excessive and thus a due process violation, the Ninth Circuit considers four factors: (1) the length of the delay; (2) the reason for the delay; (3)

3

whether the petitioner diligently asserted his rights to state court review; and (4) prejudice to the petitioner. *See id.* Only delays attributable to the state are considered when determining whether there has been delay sufficient to excuse exhaustion. *See Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir.1998).

Petitioner's exhaustion petition has been pending for two years and ten months. As Petitioner noted in his post-evidentiary hearing briefing, the California Supreme Court often takes more than three years to resolve capital habeas claims. Reply Brief on Claims Four and Five at 14 (Dkt. 513). The delay in *Coe* that the Ninth Circuit found to violate due process lasted more than four years and the cases that court cited from other districts ranged in length from well over three years to eight and a half. 922 F.2d at 531. *Coe*, however, did not involve a capital sentence. It is acknowledged readily that capital habeas petitions are much more complex and serious than a standard habeas proceeding. *See McFarland v. Scott*, 512 U.S. 849, 855-856 (discussing need counsel to assist capital habeas petitioner in researching and drafting habeas claims due to complexity of issues and severity of consequences). Thus, the California Supreme Court's delay in adjudicating Petitioner's exhaustion petition cannot yet be said to have become excessive such that it abridges Petitioner's due process rights.

The second factor also weighs against Petitioner. The current delay was not caused by the state, as in *Coe*. Rather, it was caused by habeas counsel's failure to develop the new evidence until Petitioner had filed a federal petition.

The third factor balances in Petitioner's favor. However, the final factor does not. Petitioner has not shown that he is prejudiced by the delay. He has not cited any cases in which a court has found prejudice due to the retirement of a judge, even following an evidentiary hearing. The Court has presided over this proceeding for more than twenty-four years. While retirement may constitute unusual circumstances, it does not rise to the level that would prejudice Petitioner by requiring him to complete his exhaustion process or that would entitle him to be excused from doing so.

Accordingly, Petitioner's motion to lift the stay is DENIED.

//

//

//

**CONCLUSION**

For the foregoing reasons, Petitioner's motion to lift the stay and proceed to the merits on claims Four, Five, and Seven is DENIED.

**IT IS SO ORDERED.**

Dated: July 5, 2017

_____
THELTON E. HENDERSON
United States District Judge